# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MIKEL R. PORTER,[1] | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00068-SEP |
| UNKNOWN LUDWICK, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Mikel R. Porter's Complaint. Doc. [1]. The Complaint is defective because it has not been drafted on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms."). Plaintiff has neither paid the filing fee nor filed an application to proceed without prepaying fees or costs. *See* 28 U.S.C. § 1915(a). The Court orders Plaintiff to amend his complaint on a Court-provided form within twenty-one (21) days.

### THE COMPLAINT

Plaintiff, a transgender inmate at Missouri Eastern Correctional Center (MECC), brings this action under 42 U.S.C. § 1983. Doc. [1]. He claims that Correctional Officer Unknown Ludwick lied and "freecased" him by locking him up in "TASC Force at Five House."[2] *Id.* at 1. He alleges that Ludwick claimed that Plaintiff wanted protective custody (PC) even though he purportedly had no "enem[ie]s or violations." *Id.* Plaintiff argues that Ludwick "came up with [too] many claims [as] to why it brought [him] down to the hole." *Id.* After Plaintiff appeared before the Administrative Segregation Committee, he claims he was supposed be released back into general population, but someone denied his request for "some . . . reason." *Id.*

Plaintiff asserts that he requested an "informal resolution request (IRR)" as to his classification in "Five House," and an unknown defendant failed to provide him one. *Id.* at 2. He claims that he was told he needed to stay in the PC Unit, which Plaintiff also refers to as the

---

[1] The Court takes judicial notice that Plaintiff's first name is spelled "Mikel" rather than "Mikal."

[2] It appears from the complaint that "TASC Force at Five House" refers to the Protective Custody Unit in which Plaintiff was placed. Doc. [1] at 1.

Administrative Segregation Unit. *Id.* Plaintiff states that he has been locked up with "aggressive and violent" cellmates in the PC Unit. *Id.*

Plaintiff claims that he has been threatened by several offenders. *Id.* at 1-2. He alleges that he reported the threats to Moore and Smith, but they failed to handle the threats and instead told Plaintiff to handle the threats himself. *Id.* Plaintiff argues that "drugdealers" and "gangmembers" made false claims about him, through "no fault of [his] own." *Id.*

Lastly, Plaintiff asserts that he is missing "a lot of property that [he] paid for," and he claims that unidentified staff have "mess[ed] with his grievance process." *Id.* at 1-2.

## DISCUSSION

### A. Deficiencies in the Complaint

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). If a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id.*; *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535; *see also Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) ("A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer."). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Although Plaintiff has not indicated the relief he seeks in this action, the Court presumes that he seeks monetary damages under 42 U.S.C. § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "Neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S.

2

58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) ("A suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983."). Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).[3] Thus, to the extent he seeks damages under § 1983, Plaintiff's official capacity claims against defendant Ludwick are subject to dismissal.

If Plaintiff had brought his claims against Defendant Ludwick in his individual capacity, they would still be subject to dismissal. For example, Plaintiff states that Ludwick placed him in PC or Administrative Segregation. But Plaintiff fails to state how long he was in Administrative Segregation or what conditions he faced there.

In the administrative segregation context, "the determination of whether prison officials denied an inmate due process involves a two-step inquiry." *Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011). First, a plaintiff "must demonstrate that he or she was deprived of life, liberty or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003); *see also Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (A court "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest"). Once a liberty interest is established, the next inquiry is what process is due. *Williams*, 662 F.3d at 1000.

As life or property are not at issue in this case, Plaintiff must identify a liberty interest to sustain a due process claim. *See Phillips*, 320 F.3d at 847. The United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To assert a due process violation based on a liberty interest in avoiding administrative segregation, "an inmate must show that the segregation created an atypical and significant hardship on him in relation to the ordinary incidents of prison life[.]" *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002).

The Eighth Circuit has stated that an assignment to disciplinary or administrative segregation is not, in and of itself, an atypical and significant hardship. *See Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) ("We have consistently held that administrative and

---

[3] State officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

3

disciplinary segregation are not atypical and significant hardships under *Sandin*."). That is so even if the demotion to segregation is without cause. *Phillips*, 320 F.3d at 847. Because Plaintiff has not alleged that his placement or continued confinement in Administrative Segregation was an "atypical and significant hardship," he has not successfully alleged a due process violation on that basis.[4]

Furthermore, although Plaintiff indicates that he asked for an IRR and an unknown defendant[5] failed to provide him one, those allegations fail to assert a constitutional violation. An inmate has a liberty interest "in the nature of his confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined." *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). "There is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *see also Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) ("The existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest."). To that end, a prison grievance procedure is a "procedural right only" and "does not confer upon an inmate a substantive right." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) ("[D]efendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim[.]"); *Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) ("Defendants' failure . . . to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights.").

Lastly, Plaintiff's claim to have lost property during his incarceration at MECC also fails to state a constitutional claim. "When a state employee's unauthorized, random acts deprive a

---

[4] Although Plaintiff claims that he was locked up with "aggressive" or "viol[e]nt" inmates in the PC Unit, he does not contend that he was harmed. Doc. [1] at 2.

[5] Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). For that reason, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights).

person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Clark v. Kansas City Missouri Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004). Missouri provides such a post-deprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990). Specifically, an individual claiming the right to possession of personal property may bring an action in replevin. Mo. R. Civ. P. 99.01; *see also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) (plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish any violation of his constitutional rights because he could obtain adequate relief by filing a replevin action under Missouri law).

### B. Instructions for Amending the Complaint

The Court will give Plaintiff an opportunity to file an amended complaint to clearly set forth his claims and supporting allegations. Plaintiff is advised that the amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Each numbered paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

5

Plaintiff should allege facts explaining how the named defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, Plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (denial of leave to amend a complaint is appropriate when a proposed amended complaint was not submitted with the motion). The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to Plaintiff (1) a copy of the Court's prisoner civil rights complaint form and (2) a copy of the application to proceed in district court without prepaying fees or costs.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the $402 filing fee or submit the application to proceed in District Court without prepaying fees or costs within twenty-one (21) days of the date of this Order. Plaintiff must also file a certified account statement.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court-provided form **within twenty-one (21) days of the date of this Order**.

**IT IS FINALLY ORDERED** that Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

Dated this 21st day of February, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE